# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FARMERS RICE MILLING COMPANY, LLC, et al.**

**VERSUS**

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al.**

**CIVIL ACTION**

**NO. 21-503-SDD-SDJ**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 12, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FARMERS RICE MILLING COMPANY, LLC, et al.**

**CIVIL ACTION**

**VERSUS**

**NO. 21-503-SDD-SDJ**

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON, et al.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a motion by Plaintiffs, Farmers Rice Milling Company, LLC, and Hardy Rice Dryer, LLC, to remand this matter to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (R. Doc. 6). Defendants oppose the Motion.[1] Given the removal of this case pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") and the Court's inability, at this stage, to examine the validity of the arbitration clause in question, it is recommended[2] that Plaintiffs' Motion to Remand be **denied**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Farmers Rice Milling Company is a rice mill located in Lake Charles, Louisiana, and Plaintiff Hardy Rice Dryer is a grain drying and storage facility located in Lacassine,

---

[1] R. Doc. 11.
[2] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

Louisiana.³ Plaintiffs own multiple properties in Lake Charles and Lacassine associated with these operations.⁴ On August 27, 2020, Hurricane Laura hit southwest Louisiana, allegedly causing extensive damage to property owned by both Plaintiffs.⁵ Shortly thereafter, on October 9, 2020, Hurricane Delta hit, causing additional damage to Plaintiffs' properties, resulting in "significant business and financial losses."⁶ Specifically, Plaintiffs assert that mill operations were completely shut down from August 27, 2020, to late October 2020 and that the mill was not fully operational until the end of 2020.⁷ In addition, thousands of pounds of rice were lost.⁸

Prior to incurring damages from the hurricanes, Plaintiffs purchased insurance policies from the following companies: Certain Underwriters at Lloyd's, London; Indian Harbor Insurance Company; Lexington Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; United Specialty Insurance Company; General Security Indemnity Company of Arizona; HDI Global Specialty, SE; Old Republic Union Insurance Company; and Safety Specialty Insurance Company (collectively, "Insurance Defendants").⁹ After said damages had been sustained, Plaintiffs issued proofs of loss and demands for payment under these policies, collectively referred to herein as the Account Policy,¹⁰ to the Insurance Defendants.¹¹ In response to these demands, Plaintiffs received alleged "partial payments" on their property damage and business income claims.¹² As a result, Plaintiffs initiated this litigation in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on or about June 24, 2021.¹³

---

³ R. Doc. 6-1 at 1; R. Doc. 1-2 at 3.
⁴ R. Doc. 1-2 at 3.
⁵ *Id.*
⁶ *Id.* at 3-4.
⁷ *Id.* at 7.
⁸ *Id.* at 8.
⁹ *Id.* at 8-9. The Court notes that there are two additional Defendants in this action: (1) HUB International Limited ("HUB"), Rice Mill's insurance agent; and (2) Robert Zetzman, an employee with HUB. *Id.* at 8.
¹⁰ As described by Plaintiffs, "[t]he terms of the policies were contained in a single policy form." *Id.* at 9.
¹¹ *Id.* at 10-14.
¹² *Id.* at 13-14.
¹³ *Id.* at 1.

2

On August 27, 2021, Defendants Certain Underwriters at Lloyd's, London, subscribing to Certificate No. AMR-37426-06, and HDI Global Specialty SE removed the matter to this Court, claiming that this Court had federal question jurisdiction over this case because the Account Policy contains a valid arbitration clause that falls under the Convention, giving this Court original jurisdiction under 9 U.S.C. §§ 202, 203, and 205.[14] In response, Plaintiffs filed the instant Motion to Remand (R. Doc. 6) on September 30, 2021. The Insurance Defendants filed an Opposition thereto on October 21, 2021 (R. Doc. 11), to which Plaintiffs filed a Reply on November 8, 2021 (R. Doc. 24).

Additionally, on September 27, 2021, Plaintiffs filed a Motion to Dismiss and Motion to Stay Arbitration Proceedings (R. Doc. 5). Soon thereafter, on November 4, 2021, the Insurance Defendants filed a Motion to Compel Arbitration and Stay the Proceedings (R. Doc. 18). Both of these Motions remain pending before this Court.

## II.    ARGUMENTS OF THE PARTIES

In their Motion to Remand, Plaintiffs assert that "there is no valid and enforceable arbitration agreement between the parties," meaning "the Convention is inapplicable to this matter and cannot serve as a basis to confer jurisdiction upon this Court."[15] Specifically, Plaintiffs argue that the arbitration clause in the Account Policy is superseded by an endorsement to the Policy providing that in the event of the underwriters' failure to pay an amount claimed under the Policy, they "will submit to the jurisdiction of a Court of competent jurisdiction."[16] Thus, per Plaintiffs, because the underwriters failed to fully pay their claim, the endorsement is triggered, and suit may

---

[14] R. Doc. 1 at 2.
[15] R. Doc. 6 at 2.
[16] R. Doc. 6-1 at 3, 8.

3

be filed in a court of any appropriate jurisdiction, meaning the arbitration clause is void.[17] As the arbitration clause is, therefore, invalid, this Court lacks subject matter jurisdiction over this litigation under the Convention.[18]

Defendants, in response, argue that Plaintiffs' Motion to Remand should be denied because "it seeks a 'merits inquiry' into the enforceability of the Arbitration Clause, in contravention of the Fifth Circuit's well-settled rule that a District Court's federal question subject matter jurisdiction over cases removed pursuant to the Convention … must be decided *only* upon the facts pled in the Notice of Removal ..."[19] Thus, per Defendants, Plaintiffs' arguments that the arbitration clause is superseded by the Account Policy's endorsement is "irrelevant" because it is a "merits" argument.[20] According to Defendants, "Convention removal … requires only that the Notice of Removal state facts establishing that an arbitration agreement 'falls under' the Convention, and that Plaintiffs' suits 'relate to' an arbitration agreement," both of which requirements have been met.[21]

## III.  LAW AND ANALYSIS

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand

---

[17] *Id.* at 10.
[18] R. Doc. 6-1 at 18.
[19] R. Doc. 11 at 1 (emphasis in original).
[20] *Id.* at 2.
[21] *Id.* at 4-5, 8-10.

4

is proper if, at any time, the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"However, the general rule of construing removal statutes strictly against removal cannot apply to Convention Act cases because in these instances Congress created special removal rights to channel cases into federal court." *Pioneer Nat. Resources, U.S.A., Inc. v. Zurich Am. Ins. Co.*, No. 08-227, 2009 WL 362030, at *2 (M.D. La. Feb. 10, 2009) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (internal quotations omitted)). "Removal under the Convention is an exception to the general rules that a federal question ordinarily must appear on the face of a properly pleaded complaint, and an anticipated or actual federal defense generally does not qualify a case for removal." *Id.* (citing *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999)). "Under the Convention, the grounds for removal may appear in the petition, but may also be shown in the petition for removal." *Id.* (citing 9 U.S.C. § 205; *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002)).

### B. Whether This Court Has Subject Matter Jurisdiction

The Federal Arbitration Act ("FAA"), pursuant to which the Insurance Defendants claim federal question jurisdiction over this matter, governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts both in state and federal courts. *Id.* at *3 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983)). Chapter 2 of the FAA, 9 U.S.C. §§ 201-208, implements the Convention and controls arbitration disputes involving international parties. *Id.* "Pursuant to Section 203 of the Convention, an action or proceeding falling under the Convention shall be deemed to arise

5

under the laws and treatise of the United States; thus, the district courts of the United States are deemed to have original jurisdiction of such actions, regardless of the amount in controversy." *Id.* (citing 9 U.S.C. § 203).

According to Section 205 of the Convention, a defendant may remove a state court action at any time prior to trial when the subject matter of the suit "relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205. Thus, in order to determine whether this Court has subject matter jurisdiction, it "must determine first whether the arbitration provision 'falls under the Convention.'" *Pioneer Nat. Resources, U.S.A.,* 2009 WL 362030, at *5. "If the agreement falls under the Convention, then the second step is to determine whether the arbitration clause 'relates to' the cause of action." *Id.* Each of these requirements is addressed, in turn, below.

### 1. Whether the arbitration agreement "falls under" the Convention

"A matter 'falls under the Convention' if it (1) involves an agreement in writing to arbitrate a dispute; (2) arises out of a commercial legal relationship; (3) provides for arbitration in the territory of a Convention signatory; and (4) involves at least one non-American citizen or concerns property located abroad, involves performance or enforcement abroad, or has a reasonable relationship with a foreign state." *Id.* at *3 (citing 9 U.S.C. § 202; *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985)). "Resolving the question of whether the agreement falls under the Convention will ordinarily prove quick and easy, without requiring too much merits-like investigation by the district court." *Beiser*, 284 F.3d at 671 n.7.

Defendants' Notice of Removal alleges that a "valid arbitration clause" exists in the policy that is "the subject of the instant dispute."[22] Defendants then set forth the actual arbitration clause

---

[22] R. Doc. 1 at 2.

6

in question, contained within the Account Policy, the existence of which clause is not in question.[23] As such, the Court finds the first requirement satisfied. As the Account Policy was purchased by Plaintiffs to provide insurance protection for their commercial properties, the arbitration agreement clearly arises out of a commercial relationship, thereby satisfying the second requirement. *See Viator v. Dauterive Contractors, Inc.*, 638 F.Supp.2d 641, 647 (E.D. La. 2009) (finding a commercial legal relationship created via a contract of insurance between a mutual protection and indemnity association and an insured). The third requirement, which requires the agreement to mandate arbitration in the territory of a Convention signatory, also is met, as the agreement provides for arbitration in New York, which is within the United States, a Convention signatory. *See Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-102, 2021 WL 359735, at *5 (M.D. La. Feb. 2, 2021). Finally, the removing Defendants Lloyd's and HDI are citizens of the United Kingdom and Germany, respectively, meaning the agreement involves at least one non-American citizen, satisfying the fourth requirement.[24] As such, all requirements have been met, and the Court finds that the arbitration agreement here at issue "falls under" the Convention.

### 2. Whether the litigation "relates to" the arbitration clause

Having found that the Account Policy's arbitration agreement "falls under" the Convention, the Court must now determine whether this litigation "relates to" to the arbitration clause for purposes of removal. The Fifth Circuit previously has determined "that an arbitration clause under the Convention 'relates to' the plaintiff's suit in the plain meaning of the phrase 'relates to' whenever the clause could conceivably have an affect [sic] on the outcome of the case." *Beiser*, 284 F.3d at 671. "As a result, absent the rare frivolous petition for removal, as long as the

---

[23] *Id.* at 3-4.
[24] *Id.* at 5-6.

7

defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Id.* at 671-72. As characterized by the Fifth Circuit, it set a "low bar … for jurisdiction under § 205." *Id.* at 674.

Based on the "extremely loose requirements of 'relates to' under 9 U.S.C. § 205," the Court finds that the claims by Plaintiffs relate to the arbitration agreement in their Account Policy. *Pioneer Nat. Resources, U.S.A., Inc.*, 2009 WL 362030, at *6. If the arbitration clause is determined to be valid and enforceable, as Plaintiffs characterize it, they would have "to submit to a New York arbitration applying New York law" as opposed to having this case resolved in a court in Louisiana.[25] Thus, it is clear to the Court that the arbitration clause conceivably could have an effect on the outcome of this case. As such, the arbitration clause relates to the litigation, thereby establishing this Court's subject matter jurisdiction over this matter.

### 3. Plaintiffs' position that remand is based on a merits inquiry supports this Court's determination of jurisdiction

Finally, Plaintiffs appear to concede that a determination of the merits, *i.e.*, the alleged invalidity of the arbitration clause, is the basis for remand here. As argued by Plaintiffs in their Reply, their Motion to Remand "asserts that, in the event this Court determines on the Motion to Dismiss that no valid arbitration clause exists, this matter should be remanded to the 19th Judicial District Court in East Baton Rouge Parish as the Court would no longer have any basis for jurisdiction."[26] Thus, as acknowledged by Plaintiffs themselves, remand is based on a determination that the arbitration clause is not valid, which issue, per Plaintiffs, is raised in their pending Motion to Dismiss. However, this rationale necessarily puts the proverbial cart before the horse. Because federal courts are courts of limited jurisdiction, the Court must first determine

---

[25] R. Doc. 6-1 at 3.
[26] R. Doc. 24 at 2.

whether it has subject matter jurisdiction over this matter before reaching the merits of a pending motion to dismiss. *See Banks v. HIAB USA, Inc.*, No. 15-263, 2017 WL 1128449, at *1 (M.D. La. Mar. 24, 2017) ("Because federal courts are courts of limited jurisdiction, the Court is required to inquire into the potential jurisdictional defect and must first determine whether it has subject-matter jurisdiction over this action before turning to [defendant's] motion for summary judgment and motion for sanctions."); *Williams v. Syngenta Corp.*, No. 15-644, 2016 WL 807762, at *6 n.5 (M.D. La. Feb. 3, 2016) ("The court must first determine whether it has subject-matter jurisdiction over this action before turning to [defendant's] motion to dismiss."); *McLin v. H & H Lure Co.*, 102 F.Supp.2d 341, 342 n.2 (M.D. La. 2000) ("Before the Court can rule on the motion to dismiss, the Court must first determine if the Court has subject matter jurisdiction."). Furthermore, the Fifth Circuit has made clear that a decision regarding the validity of an arbitration agreement is a merits inquiry not appropriate for a determination of jurisdiction. *See Beiser*, 284 F.3d 665, 672, 674 ("[C]onflating jurisdiction and the merits would deprive defendants of an opportunity to appeal in a significant class of cases in which the district court concludes that the arbitration clause under the Convention does not in fact provide a defense," and "[o]ur precedents and those of the Supreme Court require us to hold that a decision about whether the [arbitration] clauses bind Beiser personally is a decision on the merits, entitled to issue preclusion and subject to appellate review."). As the Court cannot consider the merits of the Parties' arguments, and finding that an arbitration clause, which falls under the Convention, relates to this litigation, the Court finds remand is not appropriate at this point in the litigation.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing,

9

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 6) filed by Plaintiffs be **DENIED.**

Signed in Baton Rouge, Louisiana, on April 12, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**