## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**FARMERS RICE MILLING**  **CIVIL ACTION**
**COMPANY, LLC, et al.**

**NO. 21-503-SDD-SDJ**

**VERSUS**

**CERTAIN UNDERWRITERS**
**AT LLOYD'S LONDON, et al.**

### NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 5, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FARMERS RICE MILLING                         CIVIL ACTION
COMPANY, LLC, et al.
                                             NO. 21-503-SDD-SDJ
VERSUS

CERTAIN UNDERWRITERS
AT LLOYD'S LONDON, et al.

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is a motion by Plaintiffs Farmers Rice Milling Company, LLC, and Hardy Rice Dryer, LLC, to temporarily lift the stay—which was initiated on September 14, 2022, pending arbitration proceedings—for the sole purpose of severing and remanding claims against Robert Zetzmann and HUB International Midwest Limited d/b/a HUB International Gulf South (together, the "HUB Defendants"). (R. Doc. 47). The HUB Defendants oppose this motion (R. Doc 50), and Plaintiffs filed a reply (R. Doc. 53). For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Lift Stay and Remand be **DENIED**.

## I.     Background

Farmers Rice Milling Company is a rice mill located in Lake Charles, Louisiana, and Hardy Rice Dryer is a grain-drying and storage facility located in Lacassine, Louisiana. (R. Doc. 6-1 at 1; R. Doc. 1-2 at 3). Plaintiffs own multiple properties in Lake Charles and Lacassine associated with these operations. (R. Doc.

1-2 at 3). On August 27, 2020, Hurricane Laura hit southwest Louisiana, allegedly causing extensive damage to property owned by both Plaintiffs. (R. Doc. 1-2 at 3). Shortly thereafter, on October 9, 2020, Hurricane Delta hit, causing additional damage to Plaintiffs' properties, resulting in "significant business and financial losses." (R. Doc. 1-2 at 3-4). Specifically, Plaintiffs assert that mill operations were completely shut down from August 27, 2020, to late October 2020 and that the mill was not fully operational until the end of 2020. (R. Doc. 1-2 at 7). In addition, thousands of pounds of rice were lost. (R. Doc. 1-2 at 8).

Prior to incurring damages from the hurricanes, Plaintiffs purchased insurance policies from several companies[1] through the HUB Defendants. (R. Doc. 1-2 at 8-9). After said damages had been sustained, Plaintiffs issued proofs of loss and demands for payment under these policies, collectively referred to herein as the Account Policy.[2] In response to these demands, Plaintiffs received alleged "partial payments" on their property damage and business income claims. (R. Doc. 1-2 at 13-14). As a result, Plaintiffs initiated this litigation in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on June 24, 2021. (R. Doc. 1-2 at 1).

On August 27, 2021, Defendants Certain Underwriters at Lloyd's, London, subscribing to Certificate No. AMR-37426-06, and HDI Global Specialty SE removed the matter to this Court, claiming that this Court had federal question jurisdiction

---

[1] Certain Underwriters at Lloyd's, London; Indian Harbor Insurance Company; Lexington Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; United Specialty Insurance Company; General Security Indemnity Company of Arizona; HDI Global Specialty, SE; Old Republic Union Insurance Company; and Safety Specialty Insurance Company (collectively, "Insurance Defendants").

[2] As described by Plaintiffs, "[t]he terms of the policies were contained in a single policy form." (R. Doc. 1-2 at 9).

over this case because the Account Policy contains a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, giving this Court original jurisdiction under 9 U.S.C. §§ 202, 203, and 205. (R. Doc. 1 at 2). On September 30, 2021, Plaintiffs filed a Motion to Remand the entire action for lack of subject matter jurisdiction (R. Doc. 6), which was subsequently denied. (R. Doc. 35, Magistrate's Report and Recommendations; R. Doc. 37, Ruling Adopting R&R). Meanwhile, on November 4, 2021, the Insurance Defendants filed a Motion to Compel Arbitration and Stay the Proceedings (R. Doc. 18). On September 14, 2022, this Court granted Defendants' motion to compel arbitration and stay proceedings pending resolution of arbitration proceedings. (R. Doc. 46). On January 11, 2023, Plaintiffs filed the instant motion requesting that the Court temporarily lift the stay for the sole purpose of remanding the HUB Defendants.

## II.    Non-severability of Actions Removed Under the Convention

In order to implement the Convention, Congress enacted what is often called the "Convention Act," 9 U.S.C. §§ 201 et seq. Convention Act § 202 describes which arbitration agreements and awards fall under the Convention: those arising out of legal relationships, "whether contractual or not," and that are "considered as commercial," between United States citizens and foreign citizens, or between two United States citizens if the subject matter of their agreement involves property abroad or has some other relationship with a foreign state. Section 203 creates original jurisdiction in federal courts for actions falling under the Convention. *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed

to arise under the laws and treaties of the United States."). *A.O.A. v. Doe Run Res. Corp.*, 833 F. Supp. 2d 1126, 1130 (E.D. Mo. 2011).

Most importantly for the instant motion, Convention Act § 205 provides that "[w]here the subject matter of an *action or proceeding* pending in a state court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States...." 9 U.S.C. § 205 (emphasis added). The Fifth Circuit has interpreted this "relates to" language broadly. *See, e.g., Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit.") (emphasis in original). The *Beiser* court further explained:

> [T]he district court will have jurisdiction over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "relates to".

*Beiser*, 284 F.3d at 669. Notably, this broad reading of the removal standard under the Convention applies to the entire suit in which a defendant asserts an arbitration clause under the Convention.

Based on a facial reading of the removal language of Convention Act § 205, this Court has found that there is no need for a showing of an independent basis of jurisdiction for state law claims in order to maintain federal jurisdiction under the Convention. *Acosta v. Master Maintenance and Const., Inc.*, 52 F.Supp.2d 699, 710

(M.D. La. Mar 2, 1999). Indeed, ruling on a similar motion to remand claims against defendants who were not subject to the arbitration agreement that gave rise to federal jurisdiction, the Western District of Louisiana held that the federal court "retain[s] original jurisdiction over the entire case under the Convention, which speaks of an 'action or proceeding' rather than a claim. For the same reason, the Middle District of Louisiana also holds that claims in a case where original jurisdiction arises under the Convention are non-severable." *Faulk v. Alcoa Inc.*, 2017 WL 6821869, at *2 (W.D. La. Jan 31, 2017) (citing *Ieyoub v. American Tobacco Co.*, No. 97-1174 (W.D. La. 1997) (unpublished) and *Acosta*, 52 F.Supp.2d at 710).

## III. Discussion

This Court has already found that this matter was properly removed under the Convention (R. Doc. 35); nevertheless, Plaintiffs argue that the state law claims against the HUB Defendants should be remanded to state court because those claims do not fall under the Convention and do not independently meet any standard for federal jurisdiction. (R. Doc. 47-1 at 5). As discussed above, the Convention gives rise to federal jurisdiction for the entire action, not just the claims that are subject to the arbitration clause. There is no need to show an independent basis of federal jurisdiction for state law claims.

Plaintiffs' Memorandum in Support of their Motion to Remand (R. Doc. 47-1) and Reply in Support rebutting Defendants' opposition (R. Doc. 53) focus almost exclusively on the lack of independent bases of federal jurisdiction for the state law claims. First, Plaintiffs argue that federal question jurisdiction is inapplicable to the

state law claims against the HUB Defendants. (R. Doc. 47-1 at 7). They assert that "in order to be subject to arbitral jurisdiction, a party must be a signatory to a contract containing an arbitration clause". (R. Doc. 47-1 at 7). This principle, however, refers to the jurisdiction of the *arbitration*, not the jurisdiction of the federal courts under the Convention. Plaintiffs cite many cases that support the position that a party cannot be compelled to arbitrate if they have not agreed to such a contract. (R. Doc. 47-1 at 7). But a question posed by the instant Motion to Remand is not whether a party must be subject to arbitration, but rather whether all parties to an action that falls under the Convention are subject to federal jurisdiction. The answer to that question is unequivocally yes. *See Francisco v. Stolt-Nielsen, S.A.*, 2002 WL 31697700, at *2 (E.D. La. Dec. 3, 2002) (a non-signatory party may "relate to" an arbitration agreement"); *See also Beiser*, 284 F.3d at 669–70 (even though plaintiff did not sign arbitration agreement in his personal capacity, his tortious interference claims were removable under § 205 because the arbitration could conceivably affect his claims).

Next, Plaintiffs argue that there is no diversity jurisdiction for the state law claims, because both Zetzmann and Plaintiffs are citizens of Louisiana. (R. Doc. 47-1 at 8). While this may be factually true, diversity is not a requirement for jurisdiction under the Convention, and Defendants need not show a separate basis for jurisdiction. In their Opposition, the HUB Defendants engage in the discussion of diversity jurisdiction, arguing that the non-diverse party was not served prior to removal, that he was improperly joined, and that his citizenship is moot for the

purposes of diversity jurisdiction. (R. Doc. 50 at 4-10). These arguments over diversity were unnecessary, however, as the Convention has already provided a basis for jurisdiction for this entire action.

Finally, the HUB Defendants suggest that the Court should exercise supplemental jurisdiction over the state law claims. (R. Doc. 50 at 3-4). Plaintiffs argue that the Court should not exercise supplemental jurisdiction because state law claims against the HUB Defendants substantially predominate over federal claims *against the HUB Defendants*. (R. Doc. 53 at 4). Plaintiffs further argue that the Court exercised federal jurisdiction "only because of the arbitration clause" and that "absent the arbitration clause, this case involves only state law claims". (R. Doc. 53 at 4). The Court must agree with this tautology—that absent the basis for federal jurisdiction, this Court would not have jurisdiction. But the arbitration clause and Convention are a basis for federal jurisdiction over the entire action, and so this Court does have such jurisdiction. There is no reason to consider supplemental jurisdiction, as the Court has original jurisdiction over all claims, including state law claims and those involving non-signatories of the arbitration agreement. *See Beiser, supra*.

## IV. Conclusion

Given the foregoing, Plaintiffs have not shown that the state law claims against the HUB Defendants can or should be severed and remanded to state court. And, as a matter of practicality, Plaintiffs have not shown good reason that the Court should lift the stay that was implemented for the purpose of allowing the resolution of arbitration proceedings before any other proceedings move forward. Accordingly,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Lift Stay and Remand HUB Defendants be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 5, 2024.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**